UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ABDELOUAHED SAMHI,<br><br>    Plaintiff,<br><br>    v.<br><br>U.S. CONSULATE GENERAL CASABLANCA,<br><br>    Defendant. | Case No. C20-1789RSL<br><br>ORDER TO SHOW CAUSE AND DENYING MOTION TO APPOINT COUNSEL |

    This matter comes before the Court on its review of plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B) and plaintiff's "Application for Court-Appointed Counsel." Dkt. # 5.

    On December 7, 2020, plaintiff filed a motion for leave to proceed *in forma pauperis* (IFP) and attached his complaint seeking relief that appears to be related to processing an application for his wife to obtain a visa. Dkt. # 1-1. The Court granted plaintiff's IFP application on December 9, 2020 and recommended that the complaint be reviewed under 28 U.S.C. § 1915(e)(2)(B) before issuance of summons. Dkt. # 3. Plaintiff filed a complaint on December 9, 2020 that appears identical to the original complaint he attached to his IFP application. Compare Dkt. # 1-1 with Dkt. # 4.

    This Court may dismiss an IFP case at any time if it determines that the action fails to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v.

ORDER TO SHOW CAUSE AND DENYING
MOTION TO APPOINT COUNSEL - 1

1  Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads
2  factual content that allows the court to draw the reasonable inference that the defendant is liable
3  for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "Dismissal can be based on
4  the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable
5  legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988) (citing
6  Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533–34 (9th Cir. 1984)).

   Although it is unclear, it appears that plaintiff may be complaining about a delay in the processing of his petition for his wife to obtain an "IR1" visa, which could be the basis for a claim under the Mandamus Act, 28 U.S.C. § 1361,[1] or the Administrative Procedure Act, 5 U.S.C. §§ 701–06.[2] See Dkt. # 4 at 4–5; Patel v. Reno, 134 F.3d 929 (9th Cir. 1997) (regarding mandamus action to force a consulate to make a decision on a visa application); Norton v. S. Utah Wilderness Alliance, 542 U.S. 55 (2004) (regarding an APA claim seeking to compel action by federal agencies). Plaintiff states at one point, however, that "the consulate has been unable to issue [his wife] an IR1 VISA until now," which suggests that the visa has in fact been issued. Dkt. # 4 at 4. Based on the entirety of the complaint, however, plaintiff likely intended to convey that upon the date of plaintiff's filing of the complaint, the visa still had not been issued. Plaintiff should clarify the status of his wife's visa, as he understands it, in any amendment to the complaint. Plaintiff should also specify the relief he is seeking. If for example, his wife's visa has been denied as opposed to delayed, a claim challenging that denial would be distinct from a claim seeking to compel the agency to finish processing the application for his wife's visa.

---

[1] Mandamus is available to compel a federal official to perform a duty only if: (1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt, and (3) no other adequate remedy is available. Patel v. Reno, 134 F.3d 929, 931 (9th Cir. 1997).

[2] A delay claim under the APA requires establishing: (1) a nondiscretionary duty to take a discrete agency action that the agency is required to take; and (2) unreasonable agency delay in acting on that duty. Norton v. S. Utah Wilderness Alliance, 542 U.S. 55, 64 (2004).

ORDER TO SHOW CAUSE AND DENYING
MOTION TO APPOINT COUNSEL - 2

Moreover, plaintiff has thus far alleged insufficient facts to support a reasonable inference that defendant is liable for the misconduct that plaintiff is likely alleging. Plaintiff claims that "there appears to be a delay possibly due to administrative discrepancies," "there is uncertainty if the issues stemming from these discrepancies have been resolved," and his "wife's case seems to be taking longer than usual." Dkt. # 4 at 4. Plaintiff has not clearly explained the circumstances that would support a cognizable legal theory here, such as: how or when the application at issue was filed, his and his wife's efforts to comply with any of the application requirements, the communications he has received from defendant regarding the status of the visa, the typical timeline for granting the type of visa at issue, and why defendant has a nondiscretionary duty to act here.

Additionally, pursuant to 28 U.S.C. § 1391(e)(1), civil actions in federal court against United States agencies may be brought only in the judicial district where a defendant resides, a judicial district in which a substantial part of the events giving rise to the claim occurred, or the judicial district where the plaintiff resides if no real property is involved in the action. On the face of the complaint, this action involves an Arizona plaintiff, a U.S. consulate abroad,[3] and conduct that did not occur in Washington. Accordingly, venue does not appear to lie in this judicial district.

Plaintiff is therefore ORDERED TO SHOW CAUSE by filing an amended complaint on or before January 29, 2021, that establishes why the above-captioned matter should not be dismissed for improper venue under 28 U.S.C. § 1406(a) and for failure to state a claim.

With respect to plaintiff's motion for appointment of counsel:

> Generally, a person has no right to counsel in civil actions. See Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir.1981). However, a court may under "exceptional circumstances" appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). Agyeman v. Corrs. Corp. of Am., 390 F.3d 1101, 1103 (9th Cir.2004), *cert. denied sub nom.* Gerber v. Agyeman, 545 U.S. 1128, 125

---

[3] Plaintiff has not alleged facts regarding defendant's residence in this district. Nevertheless, the Court observes that nearly all courts to consider the issue have concluded that an agency's regional office is not sufficient to confer venue upon a court in that district. Center for Biological Diversity v. Pirzadeh, No. 09-1719-JCC, 2010 WL 11691840, at *3 (W.D. Wash. April 28, 2010).

ORDER TO SHOW CAUSE AND DENYING
MOTION TO APPOINT COUNSEL - 3

S.Ct. 2941, 162 L.Ed.2d 867 (2005). When determining whether "exceptional circumstances" exist, a court must consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952, 954 (9th Cir.1983). Neither of these considerations is dispositive and instead must be viewed together. Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir.1986).

Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009). The Court finds plaintiff's likelihood of success on the merits slim based on the existing deficiencies in plaintiff's complaint identified above. The extent of the complexity of the legal issues involved is still somewhat unclear, but plaintiff has thus far demonstrated an ability to write coherently and to research federal statutes. Viewing these considerations together, the Court finds no exceptional circumstances exist to justify appointing counsel at this time. Plaintiff is advised that he is not precluded from renewing the motion for appointment of counsel after amending his complaint.

For all of the foregoing reasons, plaintiff's motion for appointment of counsel (Dkt. # 5) is DENIED. Additionally, the Clerk of the Court is directed to place this order to show cause on the Court's calendar for January 29, 2021.

DATED this 22nd day of December, 2020.

*[signature]*
Robert S. Lasnik
United States District Judge

ORDER TO SHOW CAUSE AND DENYING
MOTION TO APPOINT COUNSEL - 4