UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ABDELOUAHED SAMHI, | Case No. C20-1789RSL |
| Plaintiff, | |
| v. | ORDER OF DISMISSAL |
| U.S. CONSULATE GENERAL CASABLANCA, | |
| Defendant. | |

This matter comes before the Court on its review of plaintiff's amended complaint. Dkt. # 7. On December 22, 2020, the Court found that the complaint in the above-captioned matter appeared to not have a valid basis for venue in this district and that the complaint failed to adequately state a claim on which relief may be granted. Plaintiff was ordered to show cause why the complaint should not be dismissed accordingly. Dkt. # 6.

Plaintiff's subsequently filed amended complaint failed to address the venue issue, and the Court must therefore determine that venue does not lie in this district where the action involves an Arizona plaintiff, a U.S. consulate abroad, and conduct that did not occur in Washington. See 28 U.S.C. § 1391(e)(1). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). It would not be in the interest of justice to transfer an action where a plaintiff has not adequately alleged a cognizable claim for relief. Espinosa v. De La Cruz, No. C20-1224-TSZ-

ORDER OF DISMISSAL - 1

MAT, 2020 WL 7264873, at *1–2 (W.D. Wash. Oct. 9, 2020), report and recommendation adopted, No. C20-1224-TSZ, 2020 WL 7260537 (W.D. Wash. Dec. 9, 2020).

Although plaintiff has now more clearly identified the legal theories at issue, plaintiff's amended complaint has not "nudged [his] claims . . . across the line from conceivable to plausible." Ashcroft v. Iqbal, 556 U.S. 662, 680 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Plaintiff has clarified that he is seeking to have defendant adjudicate the petition for his wife's "IR1" visa. Dkt. # 7 at 4. Plaintiff contends that defendant's delays in his wife's "visa petition constitute an unreasonable failure to act in violation of the Administrative Procedures Act" and denies him "due process and equal protection." Dkt. # 7 at 4. Plaintiff also contends that delays in the processing of his wife's visa petition "violate the Immigration and Nationality Act [INA], the Administrative Procedures Act, and the Constitution," and he cites the mandamus standard regarding plaintiff possessing a clear right to the relief requested, defendant having a clear duty pursuant to the INA to adjudicate the petition, and there being no other adequate remedy available. Dkt. # 7 at 4; see Patel v. Reno, 134 F.3d 929, 931 (9th Cir. 1997). These assertions help identify the legal theories at issue, but the assertions are conclusory and are not entitled to be assumed true. See Iqbal, 556 U.S. at 681.

Turning to the factual allegations in plaintiff's complaint regarding how defendant caused plaintiff harm or violated plaintiff's rights, these allegations remain ambiguous. The same vague statements the Court highlighted in its previous order are incorporated in plaintiff's most recent amended complaint, and they continue to suggest plaintiff's own apparent uncertainty regarding the cause for the delay in processing the petition at issue. See Dkts. # 7 at 3, # 6 at 3 (highlighting the following statements: "there appears to be a delay possibly due to administrative discrepancies," "there is uncertainty if the issues stemming from these discrepancies have been resolved," and his "wife's case seems to be taking longer than usual"). The Court previously warned plaintiff that he had not clearly explained the circumstances that would support a cognizable legal theory here, such as: how or when the application at issue was filed, his and his wife's efforts to comply with any of the application requirements, the communications he has received from defendant regarding the status of the visa, the typical

ORDER OF DISMISSAL - 2

timeline for granting the type of visa at issue, and why defendant has a nondiscretionary duty to act here. Dkt. # 6 at 3. Plaintiff's amended complaint states that he has "made efforts to rectify some of [the administrative] discrepancies around his wife's case," Dkt. # 7 at 3, but if plaintiff has made efforts to rectify only some of the discrepancies, the facts alleged here could just as easily be construed to support the theory that the delay is attributable to plaintiff rather than defendant. While detailed factual allegations are not required at this stage, plaintiff's claim continues to lack factual content permitting the Court to draw the reasonable inference that defendant is liable for the misconduct alleged. See Iqbal, 556 U.S. at 678.

Because this Court may dismiss an *in forma pauperis* case at any time if it determines that the action fails to state a claim on which relief may be granted, 28 U.S.C. § 1915(e)(2)(B)(ii), and venue is not proper in this district, IT IS HEREBY ORDERED that the above-captioned matter be DISMISSED without prejudice to plaintiff filing a proper challenge in another district, such as the District of Arizona, where plaintiff resides.

DATED this 4th day of January, 2021.

*Robert S. Lasnik* (signature)
Robert S. Lasnik
United States District Judge